UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------x
|
LUIS IRIZARRY               |    JURY TRIAL REQUESTED
    *Plaintiff*               |
|
VS.                         |
|
LILY TRANSPORTATION CORP.   |    SEPTEMBER 16, 2015
    *Defendants*              |
---------------------------------------------------x

## COMPLAINT

INTRODUCTION:

1. This is an action to address wrongful termination of employment in violation of the provisions of the Surface Transportation Assistance Act set forth in 49 USC § 31105.

PARTIES:

2. Luis Irizarry (hereinafter referred to as "the Plaintiff"), is a resident of the Town of Terryville, State of Connecticut.

3. The Defendants, Lily Transportation Corp. is a transportation / logistics company with a corporate headquarters located at 145 Rosemary Street, Needham, MA 02194. The Defendant maintains a Connecticut place of business at 400 East Johnson Avenue, Cheshire, CT 06410.

JURISDICTION:

4. Plaintiff filed an administrative complaint with the Occupational Safety and Health Administration ("OSHA") on or about February 9, 2015 (attached hereto as Exhibit A).

1

5. More than two-hundred and ten (210) days have elapsed since the filing of Plaintiff's OSHA complaint without the issuance of a final decision by OSHA and OSHA issued a letter acknowledging same (attached hereto as <u>Exhibit B</u>).

<u>ALLEGATIONS</u>

1. The Plaintiff began working for the Defendant in or about October of 2014 in the position of Commercial Truck Driver.

2. In this position, Plaintiff was responsible for driving to locations throughout New England, New York, and New Jersey.

3. In performing his job duties, Plaintiff was assigned a new truck each day.

4. These trucks were leased by the Defendant from Ryder, a supplier of commercial trucks.

5. While performing his daily inspection of these trucks as required by 49 CFR 396.11, the Plaintiff noticed that many of the trucks had expired registrations and / or registrations or insurance documents that did not match the truck.

6. The Plaintiff identified these issues in his daily inspection reports, but the Defendant did nothing in response.

7. On November 5, 2014, the Plaintiff reported the issues he discovered to the Defendant's evening dispatcher. He told the Plaintiff that he would have to talk to Ryder about getting up to date registrations, but that he was required to complete his delivery in the meantime.

8. The Plaintiff persisted in saying that it was improper to drive with expired or incorrect registrations. When he did so, the Defendant's dispatcher stated, "I don't give a fuck. You need to make deliveries."

9. In response, the Plaintiff asked what would happen if he was pulled over and ticketed for not having a registration or not having insurance paperwork.

10. The dispatcher responded that "Ryder will take care of it."

11. Fearing that such a violation could jeopardize his CDL license, the Plaintiff subsequently resigned his employment.

12. The Defendant constructively discharged the Plaintiff's employment when it failed to take any action in response to the Plaintiff's report that his vehicle violated one or more commercial motor vehicle law / regulation related to health, safety, or security.

13. The Defendant's aforesaid actions are in violation of the provisions of the Surface Transportation Assistance Act set forth in 49 USC § 31105.

***Wherefore***, the Plaintiff hereby requests the following relief:

1. That the Court assume jurisdiction over this matter;

2. A trial by jury;

3. Any and all relief permitted by 49 USC § 31105, including reinstatement, back pay with interest, other consequential damages, litigation costs, reasonable attorney's fees, and punitive damages.

> THE PLAINTIFF,
> LUIS IRIZARRY
>
> By: _____
> Michael J. Reilly (ct28651)
> CICCHIELLO & CICCHIELLO, LLP
> 364 Franklin Avenue
> Hartford, CT 06114
> Tel: (860) 296-3457
> Fax: (860) 296-0676
> mreilly@cicchielloesq.com

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| LUIS IRIZARRY<br>*Plaintiff*<br><br>VS.<br><br>LILY TRANSPORTATION CORP.<br>*Defendants* | JURY TRIAL REQUESTED<br><br><br>SEPTEMBER 16, 2015 |

## JURY DEMAND

The Plaintiff herein demands a trial by jury.

                THE PLAINTIFF,
                LUIS IRIZARRY

By: _____
Michael J. Reilly (ct28651)
Cicchiello & Cicchiello, LLP
364 Franklin Avenue
Hartford, CT 06114
Tel: (860) 296-3457
Fax: (860) 296-0676
mreilly@cicchielloesq.com

# Exhibit A

| | | |
|---|---|---|
| LUIS IRIZARRY | : | DEPARTMENT OF LABOR |
| | : | |
| | : | OCCUPATIONAL SAFETY & |
| VS. | : | HEALTH ADMINISTRATION |
| | : | |
| LILY TRANSPORTATION CORP. | : | FEBRUARY 9, 2015 |

## WRONGFUL TERMINATION COMPLAINT PURSUANT TO THE SURFACE TRANSPORTATION ASSISTANCE ACT, 49 USC § 31105

1. Luis Irizarry (hereinafter referred to as "the Complainant"), is a resident of the Town of New Britain, State of Connecticut.

2. The Respondent, Lily Transportation Corp. is a transportation / logistics company with a corporate headquarters located at 145 Rosemary Street, Needham, MA 02194. The Respondent maintains a Connecticut place of business at 400 East Johnson Avenue, Cheshire, CT 06410.

3. The Complainant began working for the Respondent in or about October of 2014 in the position of Commercial Truck Driver.

4. In this position, Complainant was responsible for driving to locations throughout New England, New York, and New Jersey.

5. In performing his job duties, Complainant was assigned a new truck each day.

6. These trucks were leased by the Respondent from Ryder, a supplier of commercial trucks.

7. While performing his daily inspection of these trucks as required by 49 CFR 396.11, the Complainant noticed that many of the trucks had expired registrations and registrations or insurance documents that did not match the truck.

8.  The Complainant identified these issues in his daily inspection reports, but the Respondent did nothing.

9.  On November 5, 2014, the Claimant reported the issues he discovered to the Respondent's evening dispatcher. He told the Claimant that he would have to talk to Ryder about getting up to date registrations, but that he was required to complete his delivery in the meantime.

10. The Complainant persisted in saying that it was improper to drive with expired or incorrect registrations. When he did so, the Respondent's dispatcher stated, "I don't give a fuck. You need to make deliveries."

11. In response, the Claimant asked what would happen if he was pulled over and ticketed for not having a registration or not having insurance paperwork.

12. The dispatcher responded that "Ryder will take care of it."

13. Fearing that such a violation could jeopardize his CDL license, the Complainant subsequently resigned his employment.

14. The Respondent constructively discharged the Complainant's employment when it failed to take any action in response to the Claimant's report that his vehicle violated one or more commercial motor vehicle law / regulation related to health, safety, or security.

15. The Respondent's aforesaid actions are in violation of the provisions of the Surface Transportation Assistance Act set forth in 49 USC § 31105.

16. The Complainant hereby requests that the Occupational Safety and Health Administration investigate this Complaint and secure for him the rights guaranteed by 49 USC § 31105, including reinstatement, back pay with interest, other

consequential damages, litigation costs, reasonable attorney's fees, and punitive damages.

```
                                        THE COMPLAINANT,
                                        LUIS IRIZARRY

                                        By: _____
                                        Michael J. Reilly, His Attorney
                                        Cicchiello & Cicchiello, LLP
                                        364 Franklin Avenue
                                        Hartford, CT 06114
                                        Phone: (860) 296-3457
                                        mreilly@cicchielloesq.com
```

## **Exhibit B**

**U.S. Department of Labor**   Occupational Safety and Health Administration
William R. Cotter Federal Building
135 High Street – Suite 361
Hartford CT  06103
(860) 240-3154
Fax: (860) 240-3155
www.whistleblowers.gov

September 11, 2015

**Via UPS #: 1Z X10 498 01 9995 5838**

Luis Irizarry
C/O Michael J. Reilly, Esq.
Cicchiello & Cicchiello LLP
364 Franklin Ave.
Hartford, CT 06114

Re:   Lily Transportation Corp. / Irizarry / 1-0080-15-027

Dear Mr. Reilly:

On February 13, 2015, your client/you filed a complaint under the whistleblower provisions of the Surface Transportation Assistance Act, 49 U.S.C. § 31105. Over 210 days have passed since he (you) filed his complaint. Under the Act, if the Secretary has not issued a final decision within 210 days of the filing of the complaint, and there is no showing that such delay is due to the bad faith of the complainant, the complainant may bring a *de novo* action in Federal District Court.

You have notified this Office by email dated September 11, 2015, that you intend to file the above-captioned case in Federal Court. As a result of your decision to proceed with your case in Federal Court, rather than before the Secretary of Labor, your complaint before this office is hereby dismissed.

If at any time you have questions or require further information regarding employee or employer rights and responsibilities under the whistleblower statutes administered by OSHA, please contact this office.

Sincerely,

Kristen Rubino
Supervisory Investigator
Region I Whistleblower Protection Program

Cc:   Lily Transportation Corp., **Via UPS #: 1Z X10 498 01 9959 3845**
       Federal Motor Carrier Safety Administration, Via Email



OSHA  Occupational Safety and Health Administration
www.osha.gov